

# Fourth Court of Appeals
## San Antonio, Texas

September 4, 2018

No. 04-18-00335-CR

Richard **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 552274
Honorable Jason Garrahan, Judge Presiding

## O R D E R

Appellant Richard Lopez was convicted by a jury of driving while intoxicated. Based upon the jury's recommendation, the trial court sentenced appellant to ninety days' incarceration, suspended in favor of ten months' community supervision. The trial court imposed sentence on May 15, 2018. Appellant's trial counsel filed a notice of appeal on May 17, 2018. Thereafter, appellant's trial counsel filed a motion to withdraw, which was granted by the trial court. The record before this court indicates appellant did not request appointed counsel and has not retained counsel for purposes of appeal.

The clerk's record was filed in this court. However, the reporter's record has not been filed in this court. On July 16, we received a notification of late record from the court reporter stating appellant did not file a designation of record and failed to pay or make arrangements to pay the fee for preparing the reporter's record. On July 18, 2018, we ordered appellant to file written proof in this court that he filed a designation of record and written proof the reporter's fee was paid or payment arrangements were made or he is entitled to appeal without paying the reporter's fee. We warned that if no response was filed, appellant's brief would be due thirty days from the date of the order.

Appellant did not file a response, and we set the due date for Lopez's appellant's brief as August 18, 2018. Lopez has not filed an appellant's brief or a motion for extension of time.

Therefore, pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), we abate this case to the trial court and **ORDER** the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent?

      (a) If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

      (b) If the trial court finds that appellant is not indigent, the trial court should determine whether appellant has made the necessary arrangements for filing a brief.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant.

We **ORDER** the trial court to file its written findings of fact and conclusions of law with the trial court clerk on or before **October 4, 2018**. We **ORDER** the trial court clerk to file a supplemental clerk's record in this court no later than ten days after the trial court files its findings of facts and conclusions of law. We further **ORDER** the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, no later than twenty days after the date of the hearing.

All appellate deadlines are **ABATED** pending further orders from this court.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of September, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court